UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| COREY PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00265-JPH-DLP |
| | ) | |
| ARAMARK, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| MIKE ELLIS, | ) | |
| ROBERT BUGHER, | ) | |
| | ) | |
| Interested Parties. | ) | |

**Order Granting Motion for Leave to File an Amended Complaint,
Screening the Amended Complaint,
and Directing Service of Process**

Plaintiff Corey Perkins, an inmate at the Wabash Valley Correctional Facility ("WVCF"),

brings this action pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights have

been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court

has an obligation under 28 U.S.C. § 1915A(a) to screen the amended complaint before service on

the defendants. This amended complaint will completely replace the original complaint. *See Beal*

*v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint

is filed, the original complaint drops out of the picture.").

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any

portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or

seeks monetary relief against a defendant who is immune from such relief. In determining whether

the amended complaint states a claim, the Court applies the same standard as when addressing a

motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to
> state a claim for relief that is plausible on its face. A claim has facial plausibility
> when the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

*Pro se* amended complaints such as the one filed by the plaintiff are construed liberally and held to "a

less stringent standard than pleadings drafted by lawyers." *Id.*

## II. The Amended Complaint

The amended complaint alleges that eight individual defendants—Sheldon, T. Boch, D.

Bedwell, C. Orndorff, B. Smith, Wallace, Steve Hunt (all employees of Aramark) and John

Schilling, the director of contract compliance with the Indiana Department of Correction—all

knew of a rodent infestation in WVCF's production kitchen and dining "Retherm" for years but

denied the existence of rodents and did not take proper measures to resolve the issue. As a result,

the plaintiff's food was contaminated with rodent feces. The complaint alleges that Aramark has a

practice of refusing to get the rat infestation under control.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a

plaintiff must allege the violation of a right secured by the Constitution or laws of the United States

and must show that the alleged deprivation was committed by a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify

the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Inmates are entitled to the "minimal civilized measure of life's necessities." *Farmer v.*

*Brennan,* 511 U.S. 825, 834 (1994). "Exposure to a significant risk of severe injury" can violate the

2

Eighth Amendment. *See Myers v. Indiana Dept. of Corr.,* 655 F. App'x 500, 504 (7th Cir. 2016).

"Unacceptable conditions include those that pose a substantial risk to inmate health or safety." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (internal quotation omitted).

Based on the screening standard set forth above, the plaintiff's claims for deliberate indifference **shall proceed** against all defendants.

### IV. Summary and Service of Process

The plaintiff's motion for leave to file an amended complaint, dkt. [51], is **granted**.

The plaintiff's deliberate indifference claims **shall proceed** against defendants Sheldon, T. Boch, D. Bedwell, C. Orndorff, B. Smith, Wallace, Steve Hunt, John Schilling and Aramark.

The **clerk is directed** to re-docket the proposed amended complaint, dkt. [51-1], as the amended complaint.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Steve Hunt in the manner specified by Rule 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

All other defendants shall have **through June 13, 2020**, to answer the amended complaint.

**SO ORDERED**.

Date: 5/14/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

COREY PERKINS
194799
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

ROBERT BUGHER
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com

Steve Hunt
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204