UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COREY PERKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARAMARK, et al. )<br>)<br>Defendants. ) | No. 2:19-cv-00265-JPH-DLP |

**ORDER DENYING MOTION FOR ADVERSE INFERENCE AND SANCTIONS**

On May 21, 2020, plaintiff Corey Perkins filed a motion for an adverse inference and sanctions, arguing that the state defendants and their counsel acted in bad faith by failing to produce video evidence in response to his discovery request. In response, the state defendants and their counsel concede that the surveillance video was not preserved but argue that spoliation sanctions are not appropriate because they did not act in bad faith. For the reasons explained below, the motion for an adverse inference and sanctions is **DENIED**.[1]

I.
**LEGAL STANDARD**

In this circuit, when a party intentionally destroys evidence in bad faith, the judge may instruct the jury to infer the evidence contained incriminatory content. *Bracey v. Grondin*, 712 F.3d 1012, 1018-19 (7th Cir. 2013). A party destroys evidence in bad faith when it does so "for the purpose of hiding adverse information." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). When considering the propriety of an adverse inference instruction, "[t]he crucial element is not that the evidence was destroyed but rather the reason for the destruction." *Park*

---

[1] Mr. Perkins raises additional grounds for sanctions in his reply. Dkt. 89, pp. 5-10. Because Mr. Perkins has raised these same grounds in a motion for an order to show cause, *see* dkt. 98, the Court declines to address them in this Order.

1

*v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). Simply establishing that the parties breached a duty to preserve evidence in anticipation of litigation does not entitle the plaintiff to spoliation sanctions. *Bracey*, 712 F.3d at 1019. A district court's decision to refrain from imposing sanctions is reviewed for an abuse of discretion. *Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002).

## II.
## BACKGROUND

Mr. Perkins brought this action alleging that the defendants were deliberately indifferent to a rodent infestation at Wabash Valley Correction Facility ("WVCF") in violation of the Eighth Amendment. Dkt. 72. As a result of this deliberate indifference, Mr. Perkins allegedly became ill after eating food that was contaminated with rodent feces on March 19, 2019. *Id.* When he brought this matter to the attention of prison staff, they told him that the rodent feces was actually burnt meat. *Id.*

On March 27, 2019, Mr. Perkins submitted a formal grievance requesting that WVCF officials preserve "video footage of the serving line and the front c/o stand for March 19, 2019 between 4 PM and 5 PM." Dkt. 29-1, p. 16. At the status conference on May 27, 2020, counsel for state defendant Schilling informed the Court that this video evidence was not preserved. Dkt. 83, p. 2. According to a declaration by IDOC grievance specialist Thomas Wellington, grievance specialist Breanna Trimble did not record this segment of the surveillance video before it was taped over. Dkt. 95-2, paras. 4-7. Mr. Wellington and WVCF litigation liaison Mike Ellis discussed the missing video evidence over email on May 27, 2020, after Mr. Perkins filed a motion to compel production of the surveillance video. Dkt. 95-4. Although Mr. Wellington could not locate the video segment that Mr. Perkins was requesting, he provided Mr. Ellis with other views of the serving line from the same day. *Id.*

## III.
## DISCUSSION

The evidence before the Court indicates that Ms. Trimble—rather than the defendants—failed to preserve the requested video evidence. There is no evidence that any of the defendants or their counsel was personally responsible for failing to preserve this evidence.

In *Conner v. Rubin-Asch*, a prisoner brought an Eighth Amendment excessive force claim against prison officials who allegedly assaulted him during a cell extraction. 793 F. App'x 427 (7th Cir. 2019). The plaintiff had repeatedly asked prison officials to preserve this video within two months of the extraction, and he moved for spoliation sanctions when he learned that prison officials failed to download the video of his cell extraction before the camera's memory was taped over. *Id.* at 430. The Seventh Circuit affirmed the denial of spoliation sanctions, reasoning that the plaintiff had presented "no evidence that any defendant destroyed the video to hide illicit conduct; he therefore cannot rebut the defendants' attestations that the video was written over (pursuant to normal practices) without first having been downloaded and saved. At most, [the plaintiff] points to negligence, not bad faith." *Id.*

The facts of this case closely resemble those of *Conner*. There is no evidence that the defendants pressured Ms. Trimble to delete the surveillance video to hide illicit conduct, or that Ms. Trimble's failure to preserve this evidence was anything more than simple negligence. Mr. Perkins' argument that the surveillance video still exists and that defense counsel has submitted a "manipulated video to the plaintiff while knowing the video did not comply" with his request for production, *see* dkt. 85, para. 2., is speculative and unsupported by evidence.

3

Accordingly, the motion for adverse inference and sanctions, dkt. [79], is **DENIED**.

**SO ORDERED**.

Date: 12/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COREY PERKINS
194799
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Margo Tucker
INDIANA ATTORNEY GENERAL
margo.tucker@atg.in.gov

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com